UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KESHA LAVELLE TATE,

        Plaintiff,

    v.                                    Case No. 19-cv-1763-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

The plaintiff, who is representing herself, has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, she is not married, and she has a 4-year-old son she is responsible for supporting. Dkt. No. 2 at 1. The only income the plaintiff lists is $355 per month in Foodshare, and she lists $862 per month in expenses ($62.00 rent, $800 other household expenses). Id. at 2. The plaintiff does not

1

own a home, a car, or any other property of value, and she indicates that her checking account is $13.32 overdrawn. Id. at 3-4. While the court is perplexed as to how the plaintiff is living when her expenses are approximately $500 more each month than her income, it is clear that the plaintiff has demonstrated she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff has filed this court's standard complaint form for review of a final decision by the Commissioner of Social Security. Dkt. No. 1. That complaint indicates that the plaintiff is seeking Social Security disability insurance, that the Commissioner has denied her benefits and that she was disabled during the time period included in this case. Id. at 2-3. The plaintiff states, "Notice of Decision from appeals council based their decision on he say & she say, lies, & words were put in my mouth that I had said. And they weren't true. Most of the facts their have are made up lies." Id. at 3. At this early stage in the case, based on the information in the plaintiff's complaint

and the fact that she does not have an attorney representing her, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 5th day of December, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**